Judgment appealed from reversed, and a new trial granted, with costs to abide the event.    All concur.

---

### HIGGINS *v.* HOPPOCK.

(*Supreme Court, Special Term, New York County.    April 28, 1892.*)

PLEADING—MOTION TO STRIKE OUT—DEMURRER OR ANSWER.
Matter which constitutes a defense, and which was evidently intended to be pleaded to the merits, will not be stricken out of an answer merely because the answer also avers that defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action.

At chambers.    Action by Barton B. Higgins against Moses A. Hoppock to compel an accounting by defendant, who had acted as agent for plaintiff as to certain real estate.    Plaintiff moves to strike out the denials of the answer. Motion denied.

*Ernest H. Ball*, for plaintiff.    *William W. Bryan*, for defendant.

PATTERSON, J.    This motion cannot be granted.    I can find no authority for striking out from a pleading matter which, if true, constitutes a defense, simply because the pleader has awkwardly said he also demurs on the ground that the complaint does not contain facts sufficient to constitute a cause of action.    As this motion is made, the plaintiff asks the court to coerce the defendant into raising an issue of law when it is quite apparent he intended to plead to the merits by answer.    I think the suggestion of a demurrer might be treated as surplusage, and, liberally construing the pleadings, consider that issues of fact are tendered by the answer.    The ground of objection to the complaint is one that may be taken at the trial, without a demurrer, and in this case it may be that the defendant merely intended to give notice in his answer that that point would be taken at the trial.    It is not artistic pleading, but that does not authorize the striking out of a defense on the merits clearly stated.    If the motion had been to compel the defendant to elect between the answer as raising an issue of fact, and a demurrer one of law, an order might be made, and that was held in *Munn* v. *Barnum*, 12 How. Pr. 563.

Motion denied, without costs, and without prejudice to a motion to compel the defendant to make his election.